**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **MARTA ZEPEDA, Individually and as Next Friend for MIGUEL A. ZEPEDA** | ) | |
| **Plaintiffs,** | ) | **Civil Action No. SA-07-CA-607-XR** |
| **VS.** | ) | |
| **BOERNE INDEPENDENT SCHOOL DISTRICT, and CRAIG RADTKE, Individually and in His Official Capacity as Director of Legal Affairs for the Boerne Independent School District** | ) | |
| **Defendants.** | ) | |

**ORDER**

After reviewing the briefs filed and the testimony from the August 1, 2007 oral hearing, the Court rules as follows: Defendants' Expedited Motion to Dismiss (Docket No. 8) is GRANTED; Plaintiffs' Motion for a Preliminary Injunction (Docket No. 4) is DENIED; and Plaintiffs' First Amended Motion for a Preliminary Injunction (Docket No. 11) is DENIED.

**Facts and Procedural Background**

Around April 10, 2007, Marta Zepeda, aunt of Miguel Zepeda, attempted to pre-enroll her five year old nephew in a school within the Boerne Independent School District (BISD). A registration official at the school informed Ms. Zepeda that she could not enroll her nephew without providing legal paperwork evidencing she was Miguel's lawful guardian.

Subsequently, Ms. Zepeda retained counsel, who discussed the case with Craig Radtke, BISD's Director of Legal Affairs. On June 5, 2007, after reviewing Ms. Zepeda's request, the

BISD's policies, and the applicable statutory and case law, Mr. Radtke wrote a thorough nine page letter to Ms. Zepeda's counsel. While suggesting that Miguel appeared to not be eligible for enrollment in the BISD, Mr. Radtke concluded the letter with the words "as we continue our discussion of this particular situation . . . I look forward to hearing from you."

Pursuant to this letter, counsel for Ms. Zepeda and for the BISD orally continued their communications. On July 11, 2007, Stephan Rogers, outside retained counsel for the BISD, wrote a letter to Ms. Zepeda's attorney stating, "Based on the information you have provided, it does not appear that Miguel qualifies for admission to Boerne ISD." Mr. Rogers concluded his letter, however, by adding, "If you have any other information that you believe the District should take into account . . . we would be most happy to receive and consider it." Ms. Zepeda's counsel responded by filing this lawsuit on July 24, 2007 against the BISD and against Mr. Radtke in his individual and official capacities.[1] On July 30, 2007, Dr. John Kelly, Superintendent of the BISD, approved the request for Miguel to be enrolled in the BISD for the 2007-2008 school year.[2]

**Legal Analysis**

In their Complaint, Plaintiffs allege Defendants violated Section 25.001 of the Texas Education Code, along with the Equal Protection and Due Process Clauses of the Fourteenth Amendment.

---

[1] Plaintiffs' insistence on suing Mr. Radtke is his individual capacity is puzzling. Plaintiffs' contention that Mr. Radtke's actions were "illogical and made with complete disregard for clearly established law" is untenable. To the contrary, while Plaintiffs may disagree with Mr. Radtke's analysis, it is not illogical. Furthermore, the fact that the state and federal courts that have addressed the substantive issues underlying this case are at odds in their conclusions suggests that what is "clearly established" is that the law itself is *not* so clearly established.

[2] At the oral hearing on August 1, 2007, counsel for BISD acknowledged that although the July 30th letter he sent to Plaintiffs only mentioned the 2007-08 school year, Miguel "will be continually admitted to the school . . . [and], just like [with] any other student, we [the BISD] look forward to having him in the school district for however long he is in the district."

Defendants contend the entire case should be dismissed, arguing, amongst other points, that there is a ripeness problem. Both parties have thoroughly addressed the ripeness issue, and after reviewing their submissions and the relevant case law, the Court finds that this case is not ripe for adjudication.

According to the Supreme Court, "ripeness is a justiciability doctrine designed to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties."[3] The Fifth Circuit has stated "for an issue to be ripe for adjudication, a plaintiff must show that he will sustain immediate injury."[4]

In other words, before potential plaintiffs run to the courthouse, they must first sustain an "actual or imminent" injury.[5] Absent an adverse final decision from the BISD, or evidence that no such final decision was forthcoming, Plaintiffs can allege no injury which could give rise to this Court's jurisdiction. While Plaintiffs allege further negotiations would have been purposeless, Defendants contend otherwise, pointing to their published enrollment and grievance policies and the decision by Superintendent Kelly, who, upon returning from vacation, admitted Miguel to the BISD.

Plaintiffs rely on the letters from Mr. Radtke and Mr. Rogers to argue the BISD made its final decision, and thus, further discussions with the BISD would have been pointless. Even if these letters could be construed to suggest these two men had arrived at a final conclusion, which the Court does not believe to be the case, their decision, pursuant to published BISD policies which Plaintiffs had access to, could not and would not have constituted a final decision on Plaintiffs' request. BISD

---

[3] National Park Hospitality Ass'n v. Department of Interior, 538 U.S. 803, 807-8 (2003).

[4] McCall v. Dretke, 390 F.3d 358, 362 (5th Cir. 2004).

[5] Lujan v. Defenders of Wildlife, 504 US 555, 560 (1992).

policy makes clear that Mr. Radtke is not the final decision-maker; instead, he is merely the Level One decider.[6] Before Plaintiffs could claim the BISD had made a final decision giving rise to a justiciable injury, they would had to have appealed the Level One decision to Superintendent Kelly, the Level Two decision-maker. Had Dr. Kelly upheld the adverse ruling, Plaintiffs could then have appealed to the BISD Board of Trustees. Only if this Level Three decision-maker disfavored their petition could Plaintiffs properly claim the BISD had issued a final order denying their request, making their claim justiciable for review.

Not only did Plaintiffs never pursue their petition to a final decision, they appear to never have read the pertinent policies promulgated by the BISD.[7] Had they done so, they would have realized the letters from Mr. Radtke and Mr. Rogers could not have stood as the final word from the BISD. As the letters from Mr. Radtke and Mr. Rogers could not have constituted a final BISD decision as to Miguel's enrollment status, it logically follows that the BISD never reached a final, adverse decision on which Plaintiffs could base a claim of actual or imminent injury.[8]

**Conclusion**

Plaintiffs have failed to plead any claims which are ripe for this Court's consideration. As a result, Defendants' Expedited Motion to Dismiss (Docket No. 8) is GRANTED, Plaintiffs' Motion for a Preliminary Injunction (Docket No. 4) is DENIED, and Plaintiffs' First Amended Motion for a Preliminary Injunction (Docket No. 11) is DENIED.

---

[6] As for Mr. Rogers, there is no indication that he possessed the actual or apparent authority to make final decisions on behalf of the BISD.

[7] Plaintiffs allege no one told them about these policies. Such an argument is unavailing since the policies were publicly available to Plaintiffs, and Plaintiffs were represented by counsel, who could have and should have reviewed these policies before commencing litigation.

[8] No final decision adverse to Plaintiffs was ever made, thus, there is no basis for claiming an actual injury. There is also no basis for establishing a claim of imminent injury because Superintendent Kelly admitted Miguel to the BISD almost a month before school started.

Accordingly, this case is DISMISSED with prejudice, with the parties bearing their own costs.

It is so ORDERED.

SIGNED this 14 day of September, 2007.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE